UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAWFORD TIMES, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case number 4:07cv1981 TCM |
| TROY STEELE, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

Pending in this 28 U.S.C. § 2254 action is the motion of petitioner, Crawford Times, for the appointment of counsel on the grounds he is financially unable to retain counsel, has no legal training, and has a complex case. [Doc.13]

Petitioner seeks habeas relief from his conviction following a jury trial for first degree robbery and armed criminal action. He raises five grounds for relief: (1) the evidence was insufficient because the State failed to prove that he used a dangerous instrument; (2) the trial court erred by removing the sentencing question from the jury; (3) trial counsel was ineffective for failing to impeach the victim's testimony and to present a defense; (4) trial counsel was ineffective for failing to offer a lesser-included offense instruction; and (5) trial counsel was ineffective when resting his case without calling Petitioner to testify. In response to Respondent's argument that each ground is without merit, Petitioner has filed a 40-page, typed reply, incorporating his state appellate briefs and adding relevant facts and citations.

There is no constitutional or statutory right to appointment of counsel in habeas corpus proceedings, see **Morris v. Dormire**, 217 F.3d 556, 558 (8th Cir. 2000); "instead,

[the appointment of counsel] is committed to the discretion of the trial court," **McCall v. Benson**, 114 F.3d 754, 756 (8th Cir. 1997). In considering whether to appoint counsel, the factual and legal complexity of the case and the petitioner's ability to investigate and articulate his claims should be considered. **Morris**, 217 F.3d at 558-59; **Nachtigall v. Class**, 48 F.3d 1076, 1081-82 (8th Cir. 1995). Moreover, where the issues involved can be properly resolved without an evidentiary hearing, the court does not abuse its discretion in denying a request for appointment of counsel. See **Hoggard v. Purkett**, 29 F.3d 469, 471 (8th Cir. 1994).

The issues raised in the petition appear to be neither factually nor legally complex, to be articulately and appropriately advocated by Petitioner, and to capable of being resolved without an evidentiary hearing. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel is **DENIED**. [Doc. 13]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  14th  day of October, 2008.